IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



---

UNITED STATES OF AMERICA,

v.     18-CR-108-EAW

PATRICK OGIONY,

          Defendant.

---

## PLEA AGREEMENT

The defendant, PATRICK OGIONY, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and plead guilty to a one count Superseding Information which charges a violation of Title 18, United States Code, Section 371 [Conspiracy to Commit Bank Fraud] for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of up to 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. First, that two or more persons, in some way or manner, entered into an unlawful agreement to commit an offense against the United States, as charged in the Superseding Indictment, to wit: knowingly executing a scheme or artifice to defraud a financial institution;

   b. Second, that the defendant was a party to or a member of that agreement;

   c. Third, that the defendant joined the agreement or conspiracy knowing of its objective to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that defendant the defendant and at least one other alleged coconspirator shared a unity of purpose and intent to achieve a common goal or objective to commit an offense against the United States;

   d. Fourth, that at some time during the existence of the agreement or conspiracy, at least one of the members of the conspiracy committed at least one overt act in order to further the objective of the agreement.

   e. That the overt act was committed to further some object of the conspiracy.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. Beginning in or before March 2011 and continuing to in or about June 2017, the defendant, PATRICK OGIONY, FRANK GIACOBBE, KEVIN MORGAN, TODD MORGAN, and others, in the Western District of New York and elsewhere, conspired to defraud financial institutions, to include Evans Bank, N.A., UBS Securities LLC, M&T Bank, Arbor Commercial Mortgage LLC, SteepRock Capital, LLC, and Berkadia Commercial Mortgage, LLC, and to obtain money from financial institutions by means of false and fraudulent pretenses and representations by means including the use of wire communications in interstate commerce [handwritten insertion] in violation of Title 18, United States Code, Section 1344. [initials]

   b. During the relevant period, PATRICK OGIONY was employed by Aurora Capital Advisors, LLC ("Aurora"), a mortgage brokerage company owned and operated by FRANK GIACOBBE. Through Aurora, PATRICK OGIONY brokered mortgage loans on behalf of Morgan Management, LLC ("Morgan Management"), a real estate management company that managed over 100 multi-family properties. During the relevant period, KEVIN MORGAN was employed as a Vice President at Morgan Management and TODD MORGAN was employed as a Project Manager

   c. PATRICK OGIONY, the co-conspirators, and others provided false information to financial institutions and government sponsored enterprises that overstated incomes of properties managed by Morgan Management or certain principals of Morgan Management. The false information induced financial institutions to issue loans: (1) for greater values than the financial institutions would have authorized had they been provided with truthful information; and (2) that the financial institutions would not have issued at the time of issuance had they been provided with truthful information.

   d. PATRICK OGIONY, the co-conspirators, and others employed various mechanisms to mislead financial institutions regarding the properties' occupancy, an important metric that appraisers and financial institutions use to value multi-family properties. For example, OGIONY: (1) provided false rent rolls to lenders and appraisers on a variety of dates, overstating either the number of renters in a property, the rent paid by occupants; (2) provided or conspired to provide false and inflated income statements for the properties; and (3) worked with others to deceive inspectors into believing that unoccupied apartments

3

were, in fact, occupied. In one such instance, OGIONY and the co-conspirators provided false information to Berkadia Commercial Mortgage, LLC, in connection with The Rochester Village Apartments at Park Place ("Rochester Village"), a multi-family residential apartment owned by Morgan Management principals. The information included falsely inflated income from storage unit rentals, false reports of rental income, and falsely reporting apartment units as occupied before certificates of occupancy were obtained for those units.

e. PATRICK OGIONY, the co-conspirators, and others made misrepresentations and engaged in conduct designed to conceal from the lending financial institutions that the defendant and other co-conspirators were obtaining cash from the loan proceeds which cash was not used to purchase or maintain the premises. PATRICK OGIONY, the co-conspirators, and others did so by, at times, providing false documentation of obligations purportedly associated with the properties, and by misrepresenting the actual purchase prices of properties.

f. The above facts are set forth for the limited purpose of complying with Rule 11(b)(3) and are not intended to serve as a complete statement of the defendant's criminal conduct.

### III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines §§ 2X1.1(a) and 2B1.1(a)(2) apply to the offense of conviction and provide for a base offense level of 6.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

7. The government and the defendant agree that the following specific offense characteristics do apply:

   a. the 2 level increase pursuant to Guidelines § 2B1.1(b)(2) (offense involved more than 10 victims); and

   b. the 2 level increase pursuant to Guidelines § 2B1.1(b)(10) (offense involved sophisticated means).

8. The government maintains that the following specific offense characteristic does apply:

   a. § 2B1.1(b)(1)(K): the total loss (including relevant conduct) was in excess of $9,500,000, and thus there is a 20 offense level increase;

The defendant specifically reserves the right to argue at the time of sentencing that a lower loss amount applies.

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

9. The government and the defendant agree that the following adjustment to the base offense level does apply:

   a. The 2 level downward adjustment of Guidelines § 3B1.2(b) (minor role in offense).

## ADJUSTED OFFENSE LEVEL

10. Based on the foregoing, it is the understanding of the government and the defendant that if the Court determines that Guidelines Section 2B1.1(b)(1)(K) does apply, the adjusted offense level for the offense of conviction is 28.

5

## ACCEPTANCE OF RESPONSIBILITY

11. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 25 if Guidelines Section 2B1.1(b)(1)(K) does apply.

## CRIMINAL HISTORY CATEGORY

12. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

13. It is the understanding of the government and the defendant that, if the Court determines that Guidelines Section 2B1.1(b)(1)(K) does apply, with a total offense level of 25 and a criminal history category of I, and taking into account the statutory maximum penalties, the defendant's sentencing range would be a term of imprisonment of 57 to 71 months, a fine of $20,000 to $200,000, and a period of supervised release of 1 to 3 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

14. (a) The government and the defendant agree to the correctness of the calculations of the Sentencing Guidelines range set forth above. The defendant, however, reserves the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

(b) The defendant further reserves the right to contest the loss amount at sentencing which, should the defendant be successful, would potentially reduce the defendant's sentencing range.

15. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations recommended by either party and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

16. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

17. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment;

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

   e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

18. At sentencing, the government will move to dismiss the Indictment in this action as against the defendant.

## VI. RESTITUTION AND FINANCIAL PENALTY PROVISIONS

19. The defendant understands, and the parties agree, that the Court must require restitution to the victim financial institutions referenced in ¶ 4, in the amounts of the loans issued as a result of the scheme to defraud described in paragraph 4, less any amount the financial institutions recovered from the sale of the properties that served as collateral for the subject loans or, if the property has not been sold at the time of sentencing, the market value

of the property at the time of the defendant's guilty plea, as part of the sentence pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663A. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

20. The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

21. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

22. The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and subject to immediate enforcement by the United States. The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

23. The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the United States and/or agencies thereof.

24. To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the financial obligation(s) of the defendant pursuant to the judgment of the Court.

## VII. <u>APPEAL RIGHTS</u>

25. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 13, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

26. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

27. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 13, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. COOPERATION

28. The defendant will cooperate with the government by providing complete and truthful information regarding the defendant's knowledge of any and all criminal activity, whether undertaken by the defendant or others, in any way involving or related to bank fraud, mail fraud, or wire fraud. The defendant's cooperation shall also include submitting to interviews by government attorneys and agents, as well as testifying truthfully and completely before grand juries and at such other proceedings as the government shall deem necessary, including, but not limited to pre-trial hearings, trials, sentencing hearings and forfeiture proceedings.

29. The defendant's cooperation shall also be provided to any local, state or federal authorities designated by the government and who have agreed to abide by the terms of the "Cooperation" section of this agreement. The defendant's obligation to testify truthfully and completely shall extend to proceedings in local, state and federal courts in jurisdictions which have agreed to abide by this agreement.

30. In exchange for the defendant's plea of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to bank fraud, mail fraud, or wire fraud, committed up to the date of this agreement and about which the defendant provides complete and truthful information.

31.     Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

32.     Upon condition that the defendant has fully complied with all terms and conditions of this agreement, should the government determine that the defendant has provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, the government will move the Court at sentencing to depart downward from the Guidelines at least 7 levels from total offense 25 as provided for in Guidelines § 5K1.1, which if granted by the Court, would result in a total offense level of 18 and sentencing range for imprisonment of 27 to 33 months.  The defendant understands that the decision to make such a motion is within the sole discretion of the government and that the decision to grant such a motion, and the extent of any downward departure, are matters solely within the discretion of the Court.

33.     This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the defendant testifies falsely or provides false information to the government.  This agreement is not contingent upon the filing of charges against, the return of an Indictment against, or the successful prosecution of, any person or entity.

34.     It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no further crimes. It is also a condition of this agreement that the defendant must, at all times, give complete, truthful and accurate information and testimony and not withhold information from the government or refuse to testify truthfully and completely. Should the defendant be sentenced prior to the completion of the defendant's cooperation with the government, the defendant's obligation to comply with the cooperation provisions of this agreement extends past sentencing.

35.     In the event the government believes the defendant has violated any of the conditions of the "Cooperation" section of this agreement, the government, in addition to its other rights as set forth in the "Cooperation" section of this agreement, reserves the right: (a) to modify any recommendation the government agreed to make in a motion pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e); and (b) to petition the Court, before or after sentencing, for an order declaring that the defendant has breached the "Cooperation" section and relieving the government of its obligations under this section.

36.     In the event the government petitions the Court to declare that the defendant has breached the "Cooperation" section of this agreement, whether the defendant has violated any of the conditions of the "Cooperation" section shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the government shall be required to establish any violation by a preponderance of the evidence. In order to establish any violation by the defendant, the

government is entitled to rely on statements and information given by the defendant pursuant to this agreement.

37. If the "Cooperation" section of this agreement is declared breached by the Court:

    a. the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

    b. the government may withdraw any motion filed pursuant to Sentencing Guidelines § 5K1.1, Title 18, United States Code, Section 3553(e) and/or Rule 35(b);

    c. the defendant has no right to withdraw the plea of guilty;

    d. the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings), whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

    e. the defendant agrees that any charges that were dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government. Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the Court's order declaring the agreement breached by the defendant becomes final.

38. At the time of sentencing, the government will make the nature and extent of the defendant's compliance with this agreement known to the Court. The government and the defendant will request that sentencing be adjourned until full satisfaction by the defendant of the terms of this agreement. In the event the defendant is sentenced prior to the completion

of the defendant's cooperation with the government, the government reserves the right to modify any recommendation to be made by the government at sentencing pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e).

39. The defendant's attorney is permitted to be present at any time the defendant is questioned or interviewed by government agents regarding the matters set forth in this agreement.

## IX. TOTAL AGREEMENT AND AFFIRMATIONS

40. This plea agreement represents the total agreement between the defendant, PATRICK OGIONY, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
JOHN D. FABIAN
Assistant United States Attorney

Dated: March 15, 2019

I have read this agreement, which consists of 17 pages. I have had a full opportunity to discuss this agreement with my attorney, JOSEPH M. LATONA, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
PATRICK OGIONY
Defendant

Dated: March 15, 2019

_____
JOSEPH M. LATONA, ESQ.
Attorney for the Defendant

Dated: March 15, 2019